06-0012-ag
Xu v. Holder

BIA
Bukszpan, IJ
A078 713 428

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand ten.

PRESENT:
  RALPH K. WINTER,
  PIERRE N. LEVAL,
  REENA RAGGI,
    <u>Circuit Judges</u>.

_____

ZHE XU,
    <u>Petitioner</u>,

    v.                                    06-0012-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1]
    <u>Respondent</u>.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:        Thomas V. Massucci, New York, New
                       York.

FOR RESPONDENT:        Catherine L. Hanaway, United States
                       Attorney, Eastern District of
                       Missouri; Wesley Wedemeyer,
                       Assistant United States Attorney;
                       Mollie R. Grossman, Law Student
                       Intern, St. Louis, Missouri.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, in part, and DISMISSED, in part.

Petitioner Zhe Xu, a native and citizen of the People's Republic of China, seeks review of a December 13, 2005 order of the BIA affirming the February 9, 2005 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan pretermitting Xu's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). In re Zhe Xu, No. A078 713 428 (B.I.A. Dec. 13, 2005), aff'g No. A078 713 428 (Immig. Ct. N.Y. City Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B);

2

see also Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007). However, we review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum

We lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or that such untimeliness was not excused by changed or extraordinary circumstances under 8 U.S.C. § 1158(a)(2)(D). See 8 U.S.C. § 1158(a)(3). We nevertheless retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D). To the extent that Xu challenges the decision to pretermit his asylum claim because he failed to meet the one-year filing deadline or demonstrate extraordinary circumstances excusing the delay, we lack jurisdiction and therefore dismiss the petition for review.

## II. Withholding of Removal

### A. Claim Based on Exposure of Police Corruption

The agency concluded that Xu failed to establish a nexus between the threats he received and a protected ground because he could not identify who made the threats and

3

because the threats did not include any reference to his investigation to expose police corruption. See 8 C.F.R. § 1208.16(b)(1); see also Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 (2d Cir. 2005). Xu now argues that the agency's nexus analysis is flawed because it failed to consider both the motives of his alleged persecutors and that his wife was harassed by Wang Li Jun, the individual who was a target of his investigation. Xu's arguments are without merit, as the record does not compel the conclusion that Xu objected to police misconduct generally, rather than merely the misconduct of isolated individuals, including Wang Li Jun, or that Xu was persecuted on account of such political opinion, rather than harassed for exposing isolated incidents of corruption. See Yueqing Zhang, 426 F.3d at 548 (asking "whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance"); see also Siewe v. Gonzales, 480 F.3d 160, 168 (2d Cir. 2007) ("[W]here the evidence would support either of competing inferences, the fact that this Court might have drawn one inference does not entitle it to overturn the [agency's] choice of the other." (internal quotation marks and citation omitted, first alteration in

4

original)).

**B.    Claim Based on Political Activities in the United States**

In the absence of past persecution, an alien can still demonstrate eligibility for relief if he can show that it is more likely than not he would face persecution on account of a protected ground.  See 8 C.F.R. § 1208.16(b)(2).  Xu asserts that the BIA erred in considering only whether the Chinese government was currently aware of his activities on behalf of the Chinese Democratic Justice Party ("CDJP") in the United States, rather than also determining whether the government was likely to become aware of those activities. We review the IJ's decision as supplemented by the BIA decision.  See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).  Here, the IJ reasonably concluded that the Chinese Government was not aware, or likely to become aware, of Xu's activities because the articles he published on behalf of the CDJP were written under pseudonyms and because he was a low-level member of the organization.  See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008) ("[A]n alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities.").  The record

5

therefore supports the agency's determination that Xu failed to carry his burden of proof for withholding of removal.

Finally, because Xu has failed meaningfully to challenge the agency's denial of CAT relief, we deem any such challenge waived.  See Yueqing Zhang, 426 F.3d at 541 n.1, 545 n.7.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____